## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DEBORAH ALFANO,**

          **Plaintiff,**

**v.**                                **Case No: 6:22-cv-1138-EJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

### ORDER[1]

    This cause comes before the Court on Plaintiff's appeal of an administrative decision denying Deborah Alfano's application for Disability Insurance Benefits ("DIBs"), alleging October 30, 2018, as the disability onset date. (Doc. 20.) In a decision dated September 1, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 10–20.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, memoranda submitted by the parties (Docs. 20, 21, 22), and the applicable law. For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision.

---

[1] On September 26, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 13.) Accordingly, the case was referred to the undersigned by an Order of Reference on September 27, 2022. (Doc. 15.)

## I.     ISSUE ON APPEAL

The sole issue on appeal is whether the ALJ properly evaluated the opinion of

Plaintiff's doctor, Jan A. Becker, M.D. (*See* Doc. 20.)

## II.    STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the
> Commissioner's decision is supported by substantial evidence
> and based on proper legal standards. Substantial evidence is
> more than a scintilla and is such relevant evidence as a
> reasonable person would accept as adequate to support a
> conclusion. We may not decide the facts anew, reweigh the
> evidence, or substitute our judgment for that of the
> [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and

quotations omitted). "With respect to the Commissioner's legal conclusions, however,

our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.   ANALYSIS

Plaintiff argues that the ALJ erred in evaluating the opinion of her doctor, Dr.

Becker, because the ALJ failed to adequately consider the "supportability" and

"consistency" factors as required by 20 C.F.R. § 404.1520c(b)(2). (*See* Doc. 20.) The

Commissioner argues in response that the ALJ's treatment of Dr. Becker's opinion

adequately addressed the factors of supportability and consistency, and even if the ALJ

did not, any failure to do so was harmless. (*See* Doc. 21.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s]

any specific evidentiary weight, including controlling weight, to any medical

opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization; and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

> in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id.* In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

Here, the ALJ properly assessed the supportability and consistency of Dr. Becker's opinion, and thus, the undersigned finds that substantial evidence supports the ALJ's decision that Dr. Becker's opinion was not persuasive. With respect to supportability, the ALJ noted that Dr. Becker evaluated Plaintiff on a single occasion for only 30 minutes prior to making her determinations. (Tr. 18.) Dr. Becker's medical opinion form indicated that her opinion was "based on current treatment" on the day of the examination, October 23, 2019. (Tr. 690.) The ALJ found that, because the doctor's opinion was based on a single examination, it was "indicative of the claimant's limitations on the day of the examination and not prior to her [date last insured ("DLI")] in March 2019." (Tr. 18.)

Plaintiff asserts that Dr. Becker's examination meets the minimum requirements for consultative general medical examinations that ALJs often utilize, and therefore, the ALJ should have explained why Dr. Becker's examination was discounted when a consultative examination would have been accepted. (Doc. 20 at 8–10.) However, the governing regulations state that an ALJ may consider the medical source's relationship with the claimant when considering a medical finding.

§ 404.1520c(c)(3)(i)–(iv). These factors include the length of the treatment relationship, the frequency of the examinations, purpose of the treatment relationship, and extent of the treatment relationship. *Id.* Accordingly, it was not erroneous for the ALJ to consider those factors when assessing Dr. Becker's opinion.

Plaintiff also argues that the ALJ erred in concluding that Dr. Becker's opinion "did not relate back to the relevant period." (Doc. 20 at 10.) However, as the Commissioner notes, the form that Dr. Becker completed specifically stated that he should provide an opinion "based on current treatment." (Tr. 690; Doc. 21 at 7.) Plaintiff does not provide any authority as to why the Court should infer that the opinion relates back to a prior treatment period when the plain language of the form states otherwise. Therefore, the undersigned finds that the ALJ did not err in finding that the opinion did not relate back to the relevant period.

With respect to consistency, the Court is not persuaded by Plaintiff's assertion that the ALJ did not properly consider the consistency of Dr. Becker's opinion with the record evidence. The ALJ concluded:

> The treatment records from the [alleged onset date] through the DLI showed nowhere near the limitation this doctor has provided for. These evaluations showed that the claimant had a regular heart rate and rhythm, there were no murmurs or edema and her pulses were 2+. Her lungs were clear, her respirations were nonlabored, her breath sounds were equal, her chest wall expansion was symmetrical and there were no wheezes, rales or rhonchi. She had a normal range of motion musculoskeletaly, she had no focal neurological deficits and her cranial nerves were intact. There was no tenderness in her extremities or back, she had a full range of motion and there was normal sensation and motor function.

(Tr. 18.)

Plaintiff specifically claims that the ALJ "offered mere baseless speculation" using "cherry-pick[ed] evidence." (Doc. 20 at 10.) While the ALJ did not consider every single medical record, an ALJ "need not address 'every piece of evidence in [his] decision[.]'" *Rodriguez v. Acting Comm'r of the SSA*, No. 20-14458, 2021 U.S. App. LEXIS 32348, at *10 (11th Cir. Oct. 29, 2021) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). The ALJ properly evaluated the medical opinion evidence, adequately articulated why he found the opinion not persuasive, and supported his decision with substantial evidence. Therefore, the Court declines to disturb the ALJ's decision on review.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.   The Commissioner's final decision in this case is **AFFIRMED**.

2.   The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE